## GAINES vs LESLIE.

### Opinion delivered September 19, 1896.

*Forcible Entry and Detainer—Injunction to Restrain Waste.*

> In an action in ejectment and injunction pendente lite would
> sue to restrain the defendant from cutting timber, plow
> pasture land or otherwise injuring same where the plain
> proves title to the land, that the defendant is insolvent, a
> would suffer irreparable injury unless the defendant be
> restrained.

Appeal from the United States Court for the Sou
ern District.

C. B. KILGORE, Judge.

W. J. Leslie brought an action in ejectment agai
Henry Gaines and asked for injunction against defend
pendente lite. Judgment granting the injunction. De
dant appeals. Affirmed.

The appellee, W. J. Leslie, brought his action
ejectment against the appellant, Henry Gaines, in the c
below, and in the same action prayed for and injunction
straining appellant from cutting timber off the land in
troversy, and from breaking up the land in controve
pending said suit in ejectment. The cause was referred
the master in chancery. The master reported, recomme
ing the granting of the writ of injunction prayed for.
appellant filed his motion, setting out that the applica
for injunction was improperly joined with the action
ejectment, and asked a severance of said actions, which
tion was overruled by the court. The appellant demu
to appellee's application for injunction for insufficient all

ons of equity, which was overruled by the court. Appell-
it excepted to the report of the master, which exceptions
ere overruled, and the report confirmed, and the writ of in-
nction granted as prayed for. Appellant excepted to all of
e orders made by the court, prayed an appeal, and brought
e cause to this court on appeal.

*Robt. H. West*, for appellant.

1. The trial of the title to the land in controversy,
nts, profits, and damages are properly joined and consti-
te an action at law to be tried and determined by a jury.
e application for an injunction pending the action at law,
purely equitable and must be determined by the court prior
the trial of the case at law. Harris vs Townsend, 52 Ark.
1. Newman Pleadings and Prac. § § 239, 240. The two
tions being different, one being legal and the other equit-
le, cannot be brought in the same kind of a proceeding
d hence cannot be joined in the same action. Mayo vs
ller, 4 Cal. 27.

2. An injunction will not be allowed where it does not
pear that the injury will be destructive to the estate of in-
ritance or productive of irreparable mischief, nor will
re allegations of irreparable injury suffice. The facts
st be shown which go to constitute the injury alleged to
irreparable. High on Injunctions § 651, pp. 505, 506.
nding an action of ejectment to try the title, Defendant
l not be restrained from using the land in the ordinary
rse of agriculture, and clear it of timber, and erect build-
s for that purpose. High on Injunctions, § 654. When
injunction is sought against the cutting of timber, it must
pear that the trees are of peculiar value or of great im-
rtance to the estate as fruit or ornamental trees and in case
timber it must appear that its destruction would result in

irreparable damage to the estate. High on Injunctions 673, 676.

*Johnson, Cruce & Cruce,* for appellee.

No brief is on file for appellee.

SPRINGER, C. J. (after stating the facts.) This is suit in ejectment. The plaintiff alleges in his complaint that he is the owner and entitled to the possession of certain property, which is described; that he is an Indian by blood and has been in the uninterrupted possession of the property for six years prior to the 4th day of January, 1896; that on that day he was ousted from the possession of said premises and the possession of the same was turned over to the defendant, under writ issued out of the United States Court for the Southern district of the Indian Territory, at Ardmore, in the case No. 1,234, entitled "Henry Gaines vs John Selsor;" that he (the plaintiff in the case at bar) was not a party to the suit between Gaines and Selsor, was never served with any notice of the same, and had nothing to do with it; that the defendant, Gaines, his agents and employes, are cutting timber on the land, and are plowing up the same, and destroying the pasture lands, and that he will suffer irreparable injury unless the defendant, his agents and employes, are restrained from further wasting said land and timber; that the defendant is hopelessly insolvent, and unable to respond to him in damages, and that the plaintiff has no adequate and speedy remedy at law to enforce his rights, and that unless an injunction is granted, he will suffer irreparable injury; that the land in controversy was not embraced in the writ that issued in cause No. 1,234, nor was it embraced in the suit in said cause. The defendant, in his answer, states that he was placed in possession of the premises in controversy under the writ issued in case No. 1,234; that Selsor was

he owner of the property, and was the first to improve the same. The master to whom the case was referred states in his report that the proof taken by him showed that the defendant, Gaines, never made any claim to the property in controversy until he was put in possession of the same on the 7th day of January, 1896, under a writ issued in cause No. 1234; that the premises were not in litigation in said cause, and were not embraced in the pleadings nor in the judgment entered therein, nor in the writ of possession, and that the officer in executing the writ wrongfully ousted the plaintiff from the possession and put the defendant in possession; that the plaintiff Leslie, in the case at bar, proves his title to the property in controversy, and that his ownership dates back to a period of six years; that the defendant, Gaines, is insolvent, and unable to respond to the plaintiff in damages; that the land is pasture land, and that the defendant, his agents and employes, are breaking the land, and destroying it as pasture land. The master, in his report, giving his conclusions as to the law of the case, states the rule correctly. In actions to try the title to property, where the title is in issue, courts of equity will not interfere to restrain or enjoin acts of the defendant pending the litigation, except in extraordinary cases. But in cases where the defendant is insolvent, and cannot respond in damages in an action at law, where the plaintiff proves title to the land, and that he would suffer irreparable injury, courts of equity will issue injunctions or restraining orders in actions of ejectment. High, Inj. § § 677, 701, 717, and 10 Am. & Eng. Enc. Law, p. 824. The defendant filed exceptions to the master's report, which were overruled, and the report was confirmed, and an injunction was granted by the court against the defendant, his agents and employes, restraining them, and each of them, from cutting timber, from mowing the pasture land, or in any wise injuring the plaintiff's interests in the land described in the plaintiff's com-

Forcible entry and detainer. Injunction allowed when?

plaint. From this judgment of the court below the appellar appeals to this court.

It appears from the evidence in this case that the a] pellant obtained possession of the land or premises in co troversy through a blunder or mistake of a deputy marsha who, having a writ of possession for another piece of lan inadvertently or otherwise put the appellant in possession a tract of land to which he had never previously made ar claim, and upon which he had made no improvements, and which he had no right or title whatever. The court belc might very properly have adopted a more summary means disposing of this unconscionable claimant by issuing an ord in cause No. 1,234, directing the marshal to correct his m take by dispossessing the appellant and putting the appell again in possession of the premises to which he was entitle But no application was made for an order of this kind. T judgment of the court below is affirmed.

LEWIS, J., concurs.